# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

|                              |   |                     |
|------------------------------|---|---------------------|
| DERRICK CAMPBELL,            | ) |                     |
| Plaintiff,                   | ) | No. 4:18-CV-89 RLW  |
| v.                           | ) |                     |
| CHALLENGE MFG. COMPANY, LLC, et al., | ) |              |
| Defendants.                  | ) |                     |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand (ECF No. 14). This matter is fully briefed and ready for disposition.

## LEGAL STANDARD

Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Manning v. Wal-Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)). The party seeking removal and opposing remand has the burden of establishing jurisdiction. *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator*, 561 F.3d 904, 912 (8th Cir. 2009); *City of Univ. City, Missouri v. AT & T Wireless Services, Inc.*, 229 F. Supp. 2d 927, 929 (E.D. Mo. 2002).

A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in

controversy exceeds $75,000.00, exclusive of interest and costs. *Manning*, 304 F.Supp.2d at 1148 (citing 28 U.S.C. § 1332(a)(1)).

## BACKGROUND

Plaintiff Derrick Campbell ("Plaintiff" or "Campbell") originally filed this case in the Circuit Court of St. Louis County, alleging that he was terminated by Defendant Challenge Manufacturing Company, LLC[1] in violation of Section 287.780, R.S. Mo. in retaliation for exercising his worker's compensation rights. (Petition, ECF No. 6). Campbell alleges that he worked as a temporary employee and then as a full-time, unionized employee (Petition, ¶3). Campbell asserts he was terminated because he exceeded the allowed number of absences. (Petition, ¶5). Campbell claims that his absences were mere pretext for Challenge's decision to terminate him for filing his worker's compensation claim. (Petition, ¶6).

On January 19, 2018, Challenge removed this action to federal court pursuant to 28 U.S.C. §§1331, 1367, 1441, and 1446. (ECF No. 1). Challenge claims that Campbell's state law claims are completely preempted under Section 301 of the Labor Relations Management Act ("LMRA"), 29 U.S.C. §185(a) and give rise to federal question jurisdiction in this Court. (ECF No. 1, ¶10).[2]

---

[1] Campbell alleges a wrongful termination claim against Challenge Manufacturing Company, LLC in Count I and an alter ego claim against Challenge Manufacturing Holdings, Inc. in Count I. The Court refers to them collectively as "Challenge" or "Defendant."

[2] 29 U.S.C. §185(a) provides, "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

## DISCUSSION

I.  **Preemption under the Labor Management Relations Act**

As stated, Challenge removed this action, arguing that Campbell's suit was preempted by the LMRA, because resolution of Campbell's claim depends on interpretation of the collective bargaining agreement ("CBA") regarding attendance. To determine whether Campbell's claim is preempted, the Court must evaluate whether interpretation of a specific provision of the CBA is required, or if the claim is inextricably intertwined with the CBA. *Dunn v. Astaris, LLC*, 292 F. App'x 525, 526–27 (8th Cir. 2008) (citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06, 410, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988) (there is no preemption unless state-law claim itself is based on, or is dependent on analysis of, relevant CBA); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985) (if state law claim is based on CBA or is "inextricably intertwined" with contents of CBA, claim is subject to § 301 preemption).

The Court's analysis begins with what Campbell must prove to be successful. "[T]o make a submissible case for retaliatory discharge under section 287.780, an employee must demonstrate his or her filing of a workers' compensation claim was a 'contributing factor' to the employer's discrimination or the employee's discharge." *Templemire v. W & M Welding, Inc.*, 433 S.W.3d 371, 373 (Mo. 2014).

Challenge claims that Campbell's lawsuit is preempted because "the fact finder [must] interpret his collective-bargaining agreement, decide whether [Defendant] violated or followed the section about absences, and then conclude whether any deviation from the CBA proves retaliation." (Notice of Removal, ECF No. 1, ¶12). Challenge argues that this Court must look at the attendance section of the CBA to determine which absences Challenge was allowed to

count under the contract. Challenge argues that this case is similar to that *Davis v. Johnson Controls, Inc.*, 21 F.3d 866 (8th Cir. 1994). (ECF No. 15 at 4). In that case, plaintiff Larry Davis was terminated for after he injured his back and was unable to work. *Id.* at 867. After Davis's back improved, Johnson refused to allow Davis to return. *Id.* Davis brought a disability discrimination claim under the Missouri Human Rights Act ("MHRA") against Johnson Controls, Inc. ("Johnson"). *Id.* Johnson argued that Davis's claim was preempted because his prima facie case involved interpreting the CBA between Johnson and the union representing Johnson's employees. *Id.*, at 868. Johnson contended that its assessment as to whether it could have reasonably accommodated Davis's disability required "reviewing Johnson's obligations under the collective-bargaining agreement and, consequently, interpreting the provisions of the agreement relating to seniority rights." *Id.*, at 868. The Eighth Circuit found that, even if Davis was correct that the CBA allowed for transfer without alteration of seniority rights, then his claims would "perforce require interpretation of the agreement" and, therefore, his claim was preempted. *Id.* Thus, in the *Davis* case, reasonable accommodation was central to a discrimination claim under the MHRA.

Guided by the Eighth Circuit, the Court holds that Campbell's action for wrongful termination based upon a worker's compensation claim is not completely preempted by the LMRA and therefore this Court does not have removal jurisdiction. *See Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1244 (8th Cir. 1995). The present controversy primarily concerns the conduct of the parties and their motivation for Campbell's termination. *Id.* Campbell alleges that Defendant's reason for terminating Campbell's employment was pretextual to "hide the fact that the filing of the worker's compensation claim was a contributing factor in Defendant's decision to retaliate against Plaintiff by terminating his employment." (Petition, ECF No. 6, ¶6).

"'[P]urely factual questions' about an employee's conduct or an employer's conduct and motives do not 'requir[e] a court to interpret any term of a collective bargaining agreement.'" *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 261, 114 S. Ct. 2239, 2248, 129 L. Ed. 2d 203 (1994)(citing *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 407, 108 S. Ct. 1877, 1882 (1988)).

Unlike the *Davis* action, the Court holds that the CBA is tangential to Campbell's claims, not "at the heart of his claims." (Notice of Removal, ¶13). Here, Campbell claims that his absenteeism was mere pretext for discharging Campbell for filing a worker's compensation claim. Thus, at most, the Court holds that Campbell's excessive absenteeism under the CBA provides a defense for Defendant's discharge of him. The mere fact that the Court must look to the CBA to interpret Campbell's claims does not mean that such claims are preempted. *See Johnson v. AGCO Corp.*, 159 F.3d 1114, 1116 (8th Cir. 1998) ("Complete preemption occurs only when a plaintiff's claim itself is based on rights created directly by, or substantially dependent on an analysis of, a collective bargaining agreement."); *Kearns v. Beco Concrete Prod., Inc.*, No. 4:15-CV-00535 JCH, 2015 WL 4094104, at *3 (E.D. Mo. July 7, 2015) ("Defendants have not made a showing that Kearns's claim depends on such an interpretation, only that their defense to his claim will require this interpretation."). The Court holds that Campbell's alleged absenteeism does not provide a basis for removal to federal court under the complete preemption doctrine. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 399, 107 S. Ct. 2425, 2433 (1987) (federal defenses do not provide a basis for removal). "[A] *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." *Id.* In fact, "a case may *not* be removed to federal court on the basis of a

federal defense ... even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393, 107 S.Ct. at 2430. Moreover, interpretation of the CBA may not be necessary at all in this case. As noted by Campbell, "[i]f it is shown that Defendant assessed attendance points for time Plaintiff took off due to his work related injury such an assessment is prohibited by Section 287.780 R.S. Mo." then "[i]t is not necessary to interpret the [CBA] to resolve the question of whether the exercise of a right under the worker's compensation law can be the basis of employee's discharge." (ECF No. 14-1 at 3). Therefore, the Court find this action is not preempted by the LMRA and remands this action on this ground.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 14) is **GRANTED**. This matter shall be remanded to the Twenty-First Circuit of Missouri in County of St. Louis, Missouri for further proceedings. An order of remand accompanies this Order.

An appropriate Order of Remand is filed herewith.

Dated this 2nd day of July, 2018.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**